The Honorable Timothy W. Dore
Chapter 13
Hearing Location: telephonic
Hearing Date: 9/16/2020
Hearing Time: 9:30 AM
Response Date: 9/9/2020

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

In Re:

Bradley Evan Drummond,
Angela Marie Drummond,

     Debtors.

) Case No.: 20-10818-TWD
)
) CHAPTER 13
)
)
) **MOTION FOR RELIEF FROM THE**
) **AUTOMATIC STAY**
)
)
)
)

COMES NOW, SN Servicing Corporation ("Loan Servicer") as the servicer for BCMB1 Trust, its successors and/or assignees ("Creditor") and moves the Court pursuant to 11 USC §362(d) for Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

I.     **RELEVANT FACTS**

    A. **The Property**

On or about December 20, 2006, Bradley E. Drummond and Angela M. Drummond executed a note in favor of Countrywide Home Loans, Inc. in the original principal amount of $53,280.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 23622

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

SE 267th PL, Maple Valley, Washington 98038-5836 (the "Property").

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtors have filed for protection under Chapter 13 of Title 11 of the United States Code.

Upon information and belief, no foreclosure sale is pending as of the date of this motion.

**B. The Debt**

As of the date of this motion, Debtors are contractually due for the February 1, 2018 payment. The approximate amount owed under the terms of the Note is $66,337.20. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages, and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

**C. The Value of the Property**

The value of the Property as represented by Debtors' sworn Schedules is $495,072.00.

**D. The Post-Petition Default**

Debtors have defaulted post-petition for payments due on or after April 1, 2020. As of the date of this motion, the total post-petition default is itemized as follows:

04/01/2020-08/01/2020 @ $438.34                    $2,191.70

**ARGUMENT AND AUTHORITY**

**A. Standing**

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. B.A.P. 2011). In the

Motion for Relief– Page 2

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

case as bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the motion.

### B. Cause Exists to Grant Relief

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. The Borrower has fallen post-petition delinquent on mortgage payments to Movant. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 B.R. at 204)).* The Borrower's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

Movant alleges there is further cause for relief for Debtor's failure to provide for Movant's Secured total debt Proof of Claim. According to Loan Servicer and Movant's records, the loan matures on January 1, 2022 and on May 22, 2020 a total debt Proof of Claim was filed in the amount of $64,835.35. However, Debtors' filed Chapter 13 Plan omitted the claim and thus Movant's total debt claim is not being paid through the confirmed Plan. As of the date of this motion, Debtors are contractually due for the February 1, 2018 payment. As such, Movant is entitled to relief from stay under *11 U.S.C. §362(d)(1)*, based upon the failure of Debtors to provide adequate protection to Movant.

### II. <u>RELIEF REQUESTED</u>

For the reasons stated above, Creditor requests:

    1. An Order Terminating the Automatic Stay;

Motion for Relief– Page 3

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-10818-TWD    Doc 28    Filed 08/24/20    Ent. 08/24/20 08:30:57    Pg. 3 of 56

1

2.  The fourteen day stay described in Bankruptcy Rule 4001(a)(3) be waived upon relief;

2

3.  Alternatively, for an Order requiring adequate protection of Movant's interest in the property.

3

4

5

4.  For such other relief as the Court deems proper.

6

7

Dated: August 24, 2020                    Respectfully Submitted,

8

GHIDOTTI | BERGER LLP

9

10

/s/ Nancy Tragarz
Nancy Tragarz, Esq. WSBA #56153

11

Counsel for BCMB1 Trust, its successors and/or assignees

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

The Honorable Timothy W. Dore
Chapter 13
Hearing Location: telephonic
Hearing Date: 9/16/2020
Hearing Time: 9:30 AM
Response Date: 9/9/2020

6        UNITED STATES BANKRUPTCY COURT

7     WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

8

9   In Re:                              )   Case No.: 20-10818-TWD
                                        )
10  Bradley Evan Drummond,              )   CHAPTER 13
                                        )
11  Angela Marie Drummond,              )
                                        )   **DECLARATION IN SUPPORT OF**
12      Debtors.                        )   **MOTION FOR RELIEF FROM THE**
                                        )   **AUTOMATIC STAY**
13                                      )
                                        )
14  ──────────────────────────────     )

15

16          Under penalty of perjury, the undersigned hereby declares as follows:

17          1.      As to the following facts, I know them to be true of my own personal

18  knowledge, based upon review of the business records, and if called upon to testify in this

19  action, I could and would testify competently thereto.

20          2.      The real property involved in this motion is commonly known as 23622 SE

21  267th PL, Maple Valley, Washington 98038-5836 (the "Property").  The Property is

22  encumbered by a Note and Deed of Trust as described herein.

23          3.      I am a ___Bankruptcy Asset Manager_____ for SN Servicing Corporation

24  the servicer for BCMB1 Trust ("Movant"), its successors and/or assignees.  I am duly

25  authorized to make this declaration on behalf of Movant and Loan Servicer.

26          4.      I am familiar with the manner and procedure by which the records of Loan

27  Servicer are obtained, prepare, and maintained on behalf of Movant.  Those records are

28  obtained, prepared, and maintained by employees or agents of Loan Servicer in the

Declaration in Support of Motion for Relief– Page 1

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

1  performance of their regular business duties at or near the time, act, conditions, or events

2  recorded thereon.  The records are made either by persons with knowledge of the matters they

3  record or from information obtained by persons with such knowledge.  I have knowledge of

4  and/or access to business records.  I personally reviewed the business records related to this

5  loan prior to executing this declaration.

6       5.     SN Servicing Corporation receives compensation for its servicing of the loan

7  under the terms of a written servicing agreement with BCMB1 Trust, and has been responsible

8  for the handling of all matters relative to the underlying loan prior to the filing of the within

9  motion, including but not limited to processing of all payments received, crediting of received

10  payments, adding all proper charges to the loan, confirming the maintenance of hazard

11  insurance and property taxes, property preservation where appropriate, communicating with

12  and responding to the borrower on all matters relative to the loan, and the commencement of

13  non-judicial foreclosure proceedings when appropriate.  All activities on the loan advanced by

14  SN Servicing Corporation were advanced in accordance with the terms of the Note and Deed

15  of Trust.  SN Servicing Corporation's compensations for its servicing of the loan is reduced by

16  Debtors' nonpayment on the loan, resulting in injury to SN Servicing Corporation.

17       6.     Loan Servicer is authorized and obligated to action on behalf of Movant.  Loan

18  Servicer maintains the financial information for Movant such as payment history, escrow

19  accounts, tax payment and accounting, property insurance information under the Note and

20  Deed of Trust.  Loan Servicer collects and tracks payments from the Debtors and distributes the

21  payments received to Movant as part of its duties.

22       7.     Movant is the holder of the original Promissory Note dated December 20, 2006

23  in the principal amount of $53,280.00, which is secured by a Deed of Trust encumbering the

24  Property.  The Note has not been subsequently assigned or transferred to any other person or

25  entity since assignment and transfer to Movant.  Movant is entitled to receive payments under

26  the Note and Deed of Trust.

27

28

Declaration in Support of Motion for Relief– Page 2

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-10818-TWD    Doc 28    Filed 08/24/20    Ent. 08/24/20 08:30:57    Pg. 6 of 56

1    8.    The following documents evidencing the loan, including the Note and Deed of

2    Trust, are attached as Exhibits hereto.  Attached as Exhibit 1 is an imaged copy of Movant's

3    file copy of the Promissory Note.

4         a.    Exhibit 1 – Creditor's file copy of the Promissory Note

5         b.    Exhibit 2 – Copy of Deed of Trust.

6         c.    Exhibit 3 – Assignment(s) of Deed of Trust

7         d.    Exhibit 4 – filed Total Debt Proof of Claim

8    9.    Loan Servicer has access to and maintains records on this loan on behalf of

9    Movant.  Loan Servicer and Movant use the standard practices of the mortgage lender industry.

10   A payment received is applied to the account and credited to the next due payment.  For

11   example, a payment received in December will be applied to the November payment if no

12   payment had been received in November.

13   10.    Loan Servicer's records on the loan that is the subject of this motion shows that

14   the loan is post-petition due for April 1, 2020 payment.  From April 1, 2020 thereafter, the

15   monthly payment amount is $438.34.

16   11.    The principal balance on the loan is $53,266.05 and the approximate total

17   balance due is $66,337.20.

18   12.    According to Loan Servicer and Movant's records, the loan matures on January

19   1, 2022 and on May 22, 2020 a total debt Proof of Claim was filed in the amount of

20   $64,835.35.  However, Debtor's filed Chapter 13 Plan omitted the claim and thus Movant's

21   total debt claim is not being paid through the confirmed Plan.  As of the date of this motion,

22   Debtors are contractually due for the February 1, 2018 payment.

23        \\\

24

25

26

27

28

Declaration in Support of Motion for Relief– Page 3

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-10818-TWD    Doc 28    Filed 08/24/20    Ent. 08/24/20 08:30:57    Pg. 7 of 56

1    I declare under penalty of perjury under the laws of the United States of America that

2  the foregoing is true and correct.

3      Executed on ___August 21, 2020_____ at ___Eureka_____, ___CA____.

4

5      _Angela K Viale_____

6

7      ___Angela K. Viale_____

      Printed Name

8

9      ___Bankruptcy Asset Manager_____

10      Title

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration in Support of Motion for Relief– Page 4                                    Ghidotti | Berger LLP
                                                                                        1920 Old Tustin Ave.
                                                                                        Santa Ana, CA 92705
                                                                                        Tele: 949-427-2010

Case 20-10818-TWD    Doc 28    Filed 08/24/20    Ent. 08/24/20 08:30:57    Pg. 8 of 56

# EXHIBIT "1"

Prepared by: KELLI ADAM

# INTEREST ONLY FIXED RATE BALLOON NOTE

DECEMBER 20, 2006        COVINGTON        WASHINGTON
*Date*              *City*             *State*

23622 SE 267TH PL, MAPLE VALLEY, WA 98038-5836
*Property Address*

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 53,280.00      (this amount will be called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of    9.875 %.
Interest will be charged on unpaid Principal until the full amount of Principal has been paid.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 179     months.
I will make my monthly payments on the FIRST      day of each month beginning on
FEBRUARY 01, 2007    . I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. If, on   JANUARY 01, 2022    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $438.45       .

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000 % of my overdue payment, but not less than U.S. $ NOT APPLICABLE   and not more than U.S. $ NOT APPLICABLE   . I will pay this late charge only once on any late payment.

### (B) Default

If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

● Interest Only Balloon Fixed Rate Second Note - WASHINGTON
1E536-WA (12/05)(d)            Page 1 of 3



**(C) Notice from Note Holder**

If I am in default, the Note Holder may send me a written notice telling me that, if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5.   THIS NOTE SECURED BY A DEED OF TRUST**

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated DECEMBER 20, 2006    , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid Principal is known as a "Full Prepayment." A prepayment of only part of the unpaid Principal is known as a "Partial Prepayment." I may make a Full Prepayment or a Partial Prepayment without paying any penalty. If I make a Partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment.

However, if the Partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term during which my monthly payments consist only of interest as well as during the time that my payments consist of principal and interest. A Partial Prepayment will decrease the amount of the monthly payment for the remainder of the term, however, the Principal and the interest required under this Note will be paid prior to the Maturity Date.

**7.   BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8.   GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9.   RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

THIS LOAN IS PAYABLE IN FULL AT MATURITY.  SINCE YOU HAVE SELECTED A PAYMENT WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL  BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE.  THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE, BE  REQUIRED TO MAKE  PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAYBE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

_____ (Seal)
BRADLEY E. DRUMMOND                    -Borrower

_____ (Seal)
ANGELA M. DRUMMOND                     -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

*(Sign Original Only)*

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: *Michele Sjolander*

MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

● Interest Only Balloon Fixed Rate Second Note - WASHINGTON
1E536-WA (12/05)                    Page 3 of 3

# EXHIBIT "2"

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

```
STEWART TITLE DT        40.00
PAGE001 OF 008
12/28/2006 14:11
KING COUNTY, WA
```

Assessor's Parcel or Account Number:
Abbreviated Legal Description:

  LT. 25, SUMMIT ESTATES

[Include lot, block and plat or section, township and range]

Full legal description located on page  1                .

Grantee(s):                                              'STEWART TITLE
LANDSAFE TITLE OF WASHINGTON
Other names listed on page 2.

------[Space Above This Line For Recording Data]------

[Doc ID #]

# DEED OF TRUST

MIN

THIS DEED OF TRUST is made this TWENTIETH   day of DECEMBER, 2006   , among the
Grantor,
BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE

*Countywide Home loans*

(herein "Borrower"),

**WASHINGTON** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Page 1 of 8                                              Form 3848
                                                         Amended 2/99
VMP®-76N(WA) (0308).03   CHL (07/06)(d)

LANDSAFE TITLE OF WASHINGTON

2707 COLBY AVENUE SUITE 1118, EVERETT, WA 98201

(herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

COUNTRYWIDE HOME LOANS, INC.

A CORPORATION                                                                                            , ("Lender")

is organized and existing under the laws of NEW YORK                                    , and has an

address of

4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613                              .

    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of KING                                    , State of Washington:

LOT 25, SUMMIT ESTATES, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 174 OF PLATS, PAGE(S) 54 THROUGH 61, RECORDS OF KING COUNTY, WASHINGTON.

which has the address of

           23622 SE 267TH PL, MAPLE VALLEY                                    , Washington

[Street, City]

98038-5836 [ZIP Code], (herein "Property Address");

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated DECEMBER 20, 2006    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $53,280.00        , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on   JANUARY 01, 2022        ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

    Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable

to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes.

## REQUEST FOR NOTICE OF DEFAULT
### ──────AND FORECLOSURE UNDER SUPERIOR──────
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)
BRADLEY E. DRUMMOND                                     -Borrower

_____ (Seal)
ANGELA M. DRUMMOND                                      -Borrower

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

*[Sign Original Only]*

DOC ID #:

STATE OF WASHINGTON

County of King

On this day personally appeared before me Bradley E Drummond &
Angela M Drummond

}ss:

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and
acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and
purposes therein mentioned.

GIVEN under my hand and official seal this 22nd day of Dec. 2006 .

Notary Public in and for the State of Washington, residing at

Binney Lake

My Appointment Expires on

2/28/07

KIM MARTINEZ
COMMISSION EXPIRES
NOTARY
PUBLIC
2-28-07
STATE OF WASHINGTON

# EXHIBIT "3"

INGEO SYSTEMS INC      ADT      15.00
Page 001 of   002
03/26/2012 11:56
King County, WA

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

This space for Recorder's use

Recording Requested By:
**Bank of America**
Prepared By:
**Diana De Avila**
888-603-9011
450 E. Boundary St.
Chapin, SC 29036

Property Address:
23622 SE 267th Pl
Maple Valley, WA 98038-5836

## ASSIGNMENT OF DEED OF TRUST

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1** whose address is **101 BARCLAY ST - 4W, NEW YORK ,NY 10286** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | COUNTRYWIDE HOME LOANS, INC. A CORPORATION |
| Made By: | BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE |
| Original Trustee: | LANDSAFE TITTLE OF WASHINGTON |
| Date of Deed of Trust: | 12/20/2006 |
| Original Loan Amount: | $53,280.00 |

Recorded in King County, WA on: 12/28/2006, book N/A, page N/A and instrument number 20061228001966

Property Legal Description:
LOT 25, SUMMIT ESTATES, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 174 OF PLATS, PAGE(S) 54 THROUGH 61, RECORDS OF KING COUNTY, WASHINGTON.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

MAR 2 1 2012

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____

Luis Roldan
Assistant Secretary

State of California
County of Ventura

On **MAR 2 1 2012** before me, _____ Lori Filipa Kosor _____, Notary Public, personally appeared _____ Luis Roldan _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Lori Filipa Kosor_

Notary Public: _____ Lori Filipa Kosor _____
My Commission Expires: _____ 11-9-13 _____

LORI FILIPA KOSOR
Commission # 1870831
Notary Public - California
Ventura County
My Comm. Expires Nov 9, 2013

(Seal)

**When Recorded Mail To:**
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

**E-RECORDED**     simplifile

ID  2019112600010691
County:  KING, WA
Date· 11-26-2019     Time: 11:16 AM

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Assignment Prepared on: October 29, 2019

**Assignor:  THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact**  at 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067

**Assignee:  BCMB1 TRUST**  at 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 12/20/2006, in the amount of  $53,280.00, executed by BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. A CORPORATION ITS SUCCESSORS AND ASSIGNS and Recorded: 12/28/2006, AFN: 20061228001966 in KING County, State of Washington.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact

On:  _11.8.19_

By:  _____

Name:  GARY DAVENPORT

Title:  VICE PRESIDENT

State of TEXAS
County of DENTON

This instrument was acknowledged before me on  _11.8.19_  by GARY DAVENPORT, VICE PRESIDENT, of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact, a  _Delaware_  corporation, on behalf of said corporation.

_____
Notary Public's Signature

(PERSONALIZED SEAL)
Notary:  RICHARD JOSHUA HIPO
Commission Expires: 3/4/2022



Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 128195164

**When Recorded Mail To:**
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Assignment Prepared on: October 29, 2019

**Assignor:** THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney In Fact at 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067

**Assignee:** BCMB1 TRUST at 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 12/20/2006, in the amount of $53,280.00, executed by BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. A CORPORATION ITS SUCCESSORS AND ASSIGNS and Recorded: 12/28/2006, AFN: 20061228001966 in KING County, State of Washington.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney In Fact

On: _____ *11.8.19* _____

By: _____

Name: GARY DAVENPORT

Title: VICE PRESIDENT

State of TEXAS
County of DENTON

This instrument was acknowledged before me on _____ *11.8.19* _____ by GARY DAVENPORT, VICE PRESIDENT, of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact, a _____ *Delaware* _____ corporation, on behalf of said corporation.

_____

Notary Public's Signature

(PERSONALIZED SEAL)
Notary: RICHARD JOSHUA HIPO
Commission Expires: 3/4/2022



Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 12619S184

# EXHIBIT "4"

Debtor 1    Bradley Evan Drummond

Debtor 2    Angela Marie Drummond
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Washington

Case number    20-10818

# Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | BCMB1 Trust |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | SN SERVICING CORPORATION | |
| | Name | Name |
| | 323 5TH ST | |
| | Number       Street | Number       Street |
| | EUREKA          CA       95501 | |
| | City          State     ZIP Code | City          State     ZIP Code |
| | Contact phone  800-603-0836 | Contact phone _____ |
| | Contact email  BKNOTICES@SNSC.COM | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | |

| 4. Does this claim amend one already filed? | ☑ No |  |
| --- | --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____  MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? _____ |

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __4__ __4__ __3__ __5__

**7. How much is the claim?**  $_____64,835.35_____ **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** Note & Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____64,835.35_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____64,835.35_____

*FULL BALANCE CLAIM-LOAN MATURES

**Annual Interest Rate (when case was filed)** __9.88__ % 1/1/2022**

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/22/2020
                 MM / DD / YYYY

/s/ Nancy Tragarz
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Nancy Tragarz | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent | | |
| Company | Ghidotti Berger, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1920 Old Tustin Ave. | | |
| | Number        Street | | |
| | Santa Ana, CA  92705 | | |
| | City | State | ZIP Code |
| Contact phone | (949) 427-2010 | Email | bknotifications@ghidottiberger.com |

# Mortgage Proof of Claim Attachment

**(12/15)**

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.**

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 20-10818 | Principal balance: 53266.05 | Principal & interest due: | Principal & interest: 438.34 |
| Debtor 1: Bradley Evan Drummond | Interest due: 11569.30 | Prepetition fees due: | Monthly escrow: |
| Debtor 2: Angela Marie Drummond | Fees, costs due: | Escrow deficiency for funds advanced: | Private mortgage insurance: |
| Last 4 digits to identify: 4 5 3 5 | Escrow deficiency for funds advanced: | Projected escrow shortage: | Total monthly payment: PRO RATA |
| Creditor: BCMB1 Trust | Less total funds on hand: − | Less funds on hand: − | |
| Servicer: SN Servicing Corporation | Total debt: 64835.35 | Total prepetition arrearage: 64835.35 | **FULL BALANCE CLAIM-LOAN |
| Fixed accrual/daily simple interest/other: FIXED | | | MATURES 1/1/2022** |

## Part 5 : Loan Payment History from First Date of Default

| 1/1/2018 | | Account Activity | | 3/13/2020 | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual payment amount | **C.** Funds received | **D.** Amount incurred | **E.** Description | **F.** Contractual due date | **G.** Prin, int & esc past due balance | **H.** Amount to principal | **I.** Amount to interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges balance | **Q.** Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

| ACCT# | TRNTYP | TRNDTE | TRNDUE | BYDPMT | TRNAMT | TRNINT | ADNPMT | TRNPRN | TRNPBL | TRNINS | TRNESC | TRNEBL | TRNLTC | TRNLCB | TRPTPY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 20 | 2006-12-29 | 2007-01-01 | .00 | 57.64 | 57.64 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-02-05 | 2007-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-03-08 | 2007-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-04-06 | 2007-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-05-10 | 2007-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-06-11 | 2007-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-07-16 | 2007-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-08-06 | 2007-08-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-09-10 | 2007-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-10-15 | 2007-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-11-06 | 2007-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2007-12-12 | 2007-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-01-14 | 2008-01-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-02-15 | 2008-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-03-03 | 2008-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-04-15 | 2008-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-05-12 | 2008-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-06-13 | 2008-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-07-15 | 2008-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-08-15 | 2008-08-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-09-15 | 2008-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-10-14 | 2008-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-11-14 | 2008-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2008-12-12 | 2008-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-01-15 | 2009-01-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-02-09 | 2009-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-03-11 | 2009-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-04-13 | 2009-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-05-13 | 2009-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-06-15 | 2009-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-08-10 | 2009-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-08-14 | 2009-08-01 | .00 | 460.37 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | -21.92 | .00 |
| | 10 | 2009-09-15 | 2009-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-10-15 | 2009-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-11-18 | 2009-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |
| | 10 | 2009-12-12 | 2009-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | | .00 | .00 |

| | 10 | 2010-01-14 | 2010-01-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 10 | 2010-02-26 | 2010-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-03-10 | 2010-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-04-08 | 2010-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-05-05 | 2010-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-06-10 | 2010-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-07-13 | 2010-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-08-17 | 2010-08-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | .00 | .00 |
| | 10 | 2010-09-13 | 2010-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -21.92 | .00 |
| | 10 | 2010-10-19 | 2010-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -21.92 | .00 |
| | 10 | 2010-11-15 | 2010-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -43.84 | .00 |
| | 10 | 2010-12-14 | 2010-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -43.84 | .00 |
| | 10 | 2011-01-28 | 2011-01-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -43.84 | .00 |
| | 10 | 2011-03-30 | 2011-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -65.76 | .00 |
| | 10 | 2011-05-04 | 2011-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-06-03 | 2011-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-07-08 | 2011-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-07-28 | 2011-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-08-30 | 2011-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-09-28 | 2011-08-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-11-10 | 2011-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-11-28 | 2011-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2011-12-30 | 2011-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-02-07 | 2011-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-03-08 | 2012-01-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-03-30 | 2012-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-05-02 | 2012-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-05-30 | 2012-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-07-02 | 2012-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-07-27 | 2012-06-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-08-28 | 2012-07-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-10-03 | 2012-08-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-10-30 | 2012-09-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-11-30 | 2012-10-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2012-12-31 | 2012-11-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | 10 | 2013-01-29 | 2012-12-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | .00 | -87.68 | .00 |
| | | 2013-02- | 2013-01- | | | | | | | | | | | | |

file:///P:/Pending%20Deals/Deals_2020/Pkg%204188%20BCMB1%20Trust%203-Veripr...    5/22/2020

| 10 | 27 | 01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | -87.68 | .00 |
|----|----|----|-----|--------|--------|-----|-----|----------|-----|-----|-----|--------|-----|
| 10 | 2013-05-27 | 2013-02-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | -87.68 | .00 |
| 10 | 2013-05-01 | 2013-03-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | -87.68 | .00 |
| 10 | 2013-05-29 | 2013-04-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | -87.68 | .00 |
| 10 | 2013-07-03 | 2013-05-01 | .00 | 438.45 | 438.45 | .00 | .00 | 53280.00 | .00 | .00 | .00 | -87.68 | .00 |

| Loanid: 0000 | | | Borrower: DRUMMOND | | | | Telephone: | | | SSN: **** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Effective Date | Transaction Date | Due Date | Transaction Description | Batch Desc | Sub Code | Batch Id | Trans. Amt | Principal Amount | Principal Balance | Arrearage / Forbearance Prin | Interest Amount | Unapplied Amount | Unapplied Balance | Escrow Amount | Escrow Balance | Late Charge Amt | Late Charge Balance | Assistance Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/7/2020 | 5/7/2020 | 2/1/2018 | New Loan | | 0 | 0 | $.00 | $53,266.05 | $53,266.05 | $0.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 | $.00 |
| | | | Totals: | | | | $.00 | $53,266.05 | | | $.00 | $.00 | | $.00 | | $.00 | | $.00 |

Prepared by: KELLI ADAM

# INTEREST ONLY FIXED RATE BALLOON NOTE

DECEMBER 20, 2006          COVINGTON          WASHINGTON
*Date*                     *City*              *State*

23622 SE 267TH PL, MAPLE VALLEY, WA 98038-5836
*Property Address*

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 53,280.00          (this amount will be called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2.   INTEREST

I will pay interest at a yearly rate of     9.875 %.
Interest will be charged on unpaid Principal until the full amount of Principal has been paid.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 179          months.
I will make my monthly payments on the FIRST          day of each month beginning on
FEBRUARY 01, 2007     . I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. If, on     JANUARY 01, 2022     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $438.45

## 4.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of my overdue payment, but not less than U.S. $ NOT APPLICABLE     and not more than U.S. $ NOT APPLICABLE     . I will pay this late charge only once on any late payment.

### (B) Default

If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Notice from Note Holder**

If I am in default, the Note Holder may send me a written notice telling me that, if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest I owe on that amount. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A DEED OF TRUST**

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated DECEMBER 20, 2006 , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid Principal is known as a "Full Prepayment." A prepayment of only part of the unpaid Principal is known as a "Partial Prepayment." I may make a Full Prepayment or a Partial Prepayment without paying any penalty. If I make a Partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment.

However, if the Partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term during which my monthly payments consist only of interest as well as during the time that my payments consist of principal and interest. A Partial Prepayment will decrease the amount of the monthly payment for the remainder of the term, however, the Principal and the interest required under this Note will be paid prior to the Maturity Date.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

THIS LOAN IS PAYABLE IN FULL AT MATURITY.  SINCE YOU HAVE SELECTED A PAYMENT WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL  BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE.  THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.  YOU WILL, THEREFORE, BE  REQUIRED TO MAKE  PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAYBE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY.  IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

_____ (Seal)
BRADLEY E. DRUMMOND                -Borrower

_____ (Seal)
ANGELA M. DRUMMOND                 -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower
                        *(Sign Original Only)*

● Interest Only Balloon Fixed Rate Second Note - WASHINGTON
1E536-WA (12/05)                                    Page 3 of 3

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

```
STEWART TITLE  DT        40.00
PAGE001 OF 008
12/28/2006 14:11
KING COUNTY, WA
```

Assessor's Parcel or Account Number:
Abbreviated Legal Description:

LT. 25, SUMMIT ESTATES

[Include lot, block and plat or section, township and range]

Full legal description located on page 1

Grantee(s):
LANDSAFE TITLE OF WASHINGTON
Other names listed on page 2.

**STEWART TITLE**

[Space Above This Line For Recording Data]

[Doc ID #]

# DEED OF TRUST

MIN

THIS DEED OF TRUST is made this TWENTIETH day of DECEMBER, 2006 , among the Grantor,
BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE

*Countrywide Home loans*

(herein "Borrower"),

**WASHINGTON** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Page 1 of 8

Form 3848
Amended 2/99

VMP -76N(WA) (0308).03    CHL (07/06)(d)

LANDSAFE TITLE OF WASHINGTON

2707 COLBY AVENUE SUITE 1118, EVERETT, WA 98201

(herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

COUNTRYWIDE HOME LOANS, INC.

A CORPORATION                                                                                    , ("Lender")

is organized and existing under the laws of NEW YORK                                    , and has an address of

4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613                         .

    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of KING                                           , State of Washington:

LOT 25, SUMMIT ESTATES, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 174 OF PLATS, PAGE(S) 54 THROUGH 61, RECORDS OF KING COUNTY, WASHINGTON.

which has the address of

                        23622 SE 267TH PL, MAPLE VALLEY                                  , Washington
                                   [Street, City]

98038-5836 [ZIP Code], (herein "Property Address");

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated DECEMBER 20, 2006    and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 53,280.00        , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on  JANUARY 01, 2022       ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

    Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable

to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

DOC ID #:

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure, and (iii) any other matters required to be included in such notice by applicable law. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of the Property for a period or periods not exceeding a total of 30 days by public announcement at the time and place fixed in the notice of sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the Clerk of the Superior Court of the County in which the sale took place.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Use of Property.** The Property is not used principally for agricultural or farming purposes.

## REQUEST FOR NOTICE OF DEFAULT
-----------AND FORECLOSURE UNDER SUPERIOR-----------
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____   -Borrower
BRADLEY E. DRUMMOND

_____   -Borrower
ANGELA M. DRUMMOND

_____   -Borrower

_____   -Borrower

*[Sign Original Only]*

DOC ID #:

STATE OF WASHINGTON

County of _King_
On this day personally appeared before me _Bradley E Drummond &_
_Angela M Drummond_

} ss:

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and
acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and
purposes therein mentioned.
GIVEN under my hand and official seal this _22nd_ day of _Dec. 2006_ .

[Notary seal: KIM MARTINEZ, COMMISSION EXPIRES, NOTARY PUBLIC, STATE OF WASHINGTON, 2-28-07]

Notary Public in and for the State of Washington, residing at
_Bonney Lake_
My Appointment Expires on
_2/28/07_

INGEO SYSTEMS INC      ADT      15.00
Page 001 of 002
03/26/2012 11:56
King County, WA

When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

This space for Recorder's use

Recording Requested By:
**Bank of America**
Prepared By:
**Diana De Avila**
**888-603-9011**
450 E. Boundary St.
Chapin, SC 29036

Property Address:
23622 SE 267th Pl
Maple Valley, WA 98038-6836

## ASSIGNMENT OF DEED OF TRUST

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1** whose address is **101 BARCLAY ST - 4W, NEW YORK ,NY 10286** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:      **COUNTRYWIDE HOME LOANS, INC. A CORPORATION**
Made By:      **BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE**

Original Trustee:      **LANDSAFE TITTLE OF WASHINGTON**
Date of Deed of Trust:      12/20/2006
Original Loan Amount:      $53,280.00

Recorded in King County, WA on: 12/28/2006, book N/A, page N/A and instrument number 20061228001966

Property Legal Description:
LOT 25, SUMMIT ESTATES, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 174 OF PLATS, PAGE(S) 54 THROUGH 61, RECORDS OF KING COUNTY, WASHINGTON.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on

MAR 2 1 2012

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____

Luis Roldan
Assistant Secretary

State of California
County of Ventura

On **MAR 2 1 2012** before me, Lori Filipa Kosor , Notary Public, personally
appeared Luis Roldan , who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_Lori Filipa Kosor_

Notary Public: Lori Filipa Kosor
My Commission Expires: 11-9-13

LORI FILIPA KOSOR
Commission # 1970831
Notary Public - California
Ventura County
My Comm. Expires Nov 9, 2013

(Seal)

**When Recorded Mail To:**
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

## E-RECORDED          simplifile*

ID  20191126000671
County:  KING, WA
Date:  11-26-2019     Time:  11:16 AM

### CORPORATE ASSIGNMENT OF DEED OF TRUST

Assignment Prepared on: October 29, 2019

**Assignor:  THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact** at 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067

**Assignee:  BCMB1 TRUST** at 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 12/20/2006, in the amount of  $53,280.00, executed by BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. A CORPORATION ITS SUCCESSORS AND ASSIGNS and Recorded: 12/28/2006, AFN: 20061228001966 in KING County, State of Washington.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact

On:  _11.8.19_

By:  _____

Name:  GARY DAVENPORT

Title:  VICE PRESIDENT

State of TEXAS
County of DENTON

This instrument was acknowledged before me on  _11.8.19_  by GARY DAVENPORT, VICE PRESIDENT, of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact, a  _Delaware_  corporation, on behalf of said corporation.

_____
Notary Public's Signature

(PERSONALIZED SEAL)
Notary:  RICHARD JOSHUA HIPO
Commission Expires: 3/4/2022



Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 128195184

When Recorded Mail To:
Jessica Brown/BCMB1 Trust
Richmond Monroe Group, Inc.
P.O. Box 458
Kimberling City, MO, 65686
(417) 447-2931

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Assignment Prepared on: October 29, 2019

**Assignor:** THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney In Fact  at 350 HIGHLAND DRIVE, LEWISVILLE, TX, 75067

**Assignee:** BCMB1 TRUST  at 2001 BISCAYNE BLVD, SUITE 117-262, MIAMI, FL, 33137

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 12/20/2006, in the amount of  $53,280.00, executed by BRADLEY E DRUMMOND, AND ANGELA M DRUMMOND, HUSBAND AND WIFE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. A CORPORATION ITS SUCCESSORS AND ASSIGNS and Recorded: 12/28/2006, AFN: 20061228001966 in KING County, State of Washington.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney In Fact

On: _____11.8.19_____

By: _____

Name: GARY DAVENPORT

Title: VICE PRESIDENT

State of TEXAS
County of DENTON

This instrument was acknowledged before me on _____11.8.19_____ by GARY DAVENPORT, VICE PRESIDENT, of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWHEQ, INC., HOME EQUITY LOAN ASSET BACKED CERTIFICATES, SERIES 2007-S1 By Nationstar Mortgage LLC, as Attorney in Fact, a _____Delaware_____ corporation, on behalf of said corporation.

_____
Notary Public's Signature

(PERSONALIZED SEAL)
Notary: RICHARD JOSHUA HIPO
Commission Expires: 3/4/2022



Richard Joshua Hipo
My Commission Expires
03/04/2022
ID No 126195194

## CERTIFICATE OF SERVICE

      On May 22, 2020, I served the foregoing documents described as Proof of Claim on the following individuals by electronic means through the Court's ECF program:

Jonathan S Smith: jonathan@advantagelegalgroup.com
United States Trustee: USTPRegion18.SE.ECF@usdoj.gov
Jason Wilson-Aguilar: courtmail@seattlech13.com

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Lauren Simonton
Lauren Simonton

      On May 22, 2020, I served the foregoing documents described as Proof of Claim on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| DEBTOR | JOINT DEBTOR |
|---|---|
| Bradley Evan Drummond | Angela Marie Drummond |
| 23622 SE 267th PL | 23622 SE 267th PL |
| Maple Valley, WA 98038 | Maple Valley, WA 98038 |

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Lauren Simonton
Lauren Simonton

1
2
3
4
5
6
7
8
9                    UNITED STATES BANKRUPTCY COURT

10          WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

11
   In Re:                              )  Case No.: 20-10818-TWD
12                                      )
   Bradley Evan Drummond,              )  CHAPTER 13
13 Angela Marie Drummond,              )
                                       )
14         Debtors.                    )  **[PROPOSED]**
                                       )  **ORDER TERMINATING THE**
15                                      )  **AUTOMATIC STAY**
                                       )
16 ─────────────────────────────────── )
17
18        This matter came before the Court on the Motion for Relief from Automatic Stay filed
19
   by BCMB1 Trust, its successors and/or assignees ("Creditor"). Based upon the record on file
20
   and the representations made to the court, IT IS HEREBY ORDERD:
21
        1. This Order affects the real property located at **23622 SE 267th PL, Maple Valley,**
22
           **Washington 98038-5836 (the "Property").**
23
        2. The automatic stay is terminated as to Movant. Movant may pursue all remedies
24
           under state law in connections with the Property and security interest, and may
25
           commence or continue any action necessary to obtain complete possession of the
26
           Property free and clear of claims of the bankruptcy estate.
27
28

Ghidotti | Berger LLP
                                                                    1920 Old Tustin Ave.
                                                                    Santa Ana, CA 92705
                                                                    Tele: 949-427-2010

1    3. The fourteen day stay described in Bankruptcy Rule 4001(a)(3) is waived upon

2        relief.

3    4. Movant, at its option, may offer, provide and enter into any potitioal forbearances

4        agreement, loan modification, refinance agreement or other loan workout/;oss

5        mitigation agreement as allowed by state law.  Movant may contact Debtors via

6        telephone or written correspondence to offer such an agreement.  Any such

7        agreement shall be non-recourse unless included in a reaffirmation agreement.

8    5. The relief granted herein shall be binding and of full force and effect in any

9        conversion of this case to any other chapter.  A conversion to another chapter does

10       not stay or enjoin the effect of this Order, or prevent Movant from foreclosing and

11       selling the Property, and recovering its costs, unless other ordered by this Court.

12

13                                 ///END OF ORDER///

14   Submitted by:

15   GHIDOTTI | BERGER LLP

16   /s/ Nancy Tragarz
17   Nancy Tragarz, Esq. WSBA #56153
     Counsel for BCMB1 Trust, its successors and/or assignees

18

19

20

21

22

23

24

25

26

27

28

Order Granting Relief from Stay– Page 2

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

The Honorable Timothy W. Dore
Chapter 13
Hearing Location: telephonic
Hearing Date: 9/16/2020
Hearing Time: 9:30 AM
Response Date: 9/9/2020

1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT

9

WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

10

11  In Re:                       )   Case No.: 20-10818-TWD

12  Bradley Evan Drummond,   )  CHAPTER 13
     Angela Marie Drummond,   )

13                       )  **NOTICE OF HEARING ON SN**

14       Debtors.            )  **SERVICING CORPORATION ("LOAN SERVICER") SERVICER FOR BCMB1**

15                       )  **TRUST'S MOTION FOR RELIEF FROM STAY**

16                       )

17                       )

18                       )

19

20                      NOTICE OF HEARING

21        PLEASE TAKE NOTICE THAT SN Servicing Corporation ("Loan Servicer") servicer

22  for BCMB1 Trust, its successors and/or assignees ("Creditor")'s motion seeking Relief form

23  the Automatic Stay (the "Motion") is SET FOR HEARING AS FOLLOWS:

24  Judge: Timothy W. Dore                   Time: 9:30 AM

25  Place: telephonic

26  Phone number: 1-888-363-4749, access code: 2762430#, security code when prompted: 5334#

27

28

Notice of Motion– Page 1

GIHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned NOT LATER THAN THE RESPONSE DATE, which is 9/9/2020. IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Dated: August 24, 2020                    Respectfully Submitted,

                                          GHIDOTTI | BERGER LLP

                                          /s/ Nancy Tragarz
                                          Nancy Tragarz, Esq. WSBA #56153
                                          Counsel for BCMB1 Trust, its successors and/or
                                          assignees

Notice of Motion– Page 2

GIHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-10818-TWD    Doc 28    Filed 08/24/20    Ent. 08/24/20 08:30:57    Pg. 55 of 56

## <u>CERTIFICATE OF SERVICE</u>

On August 24, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
Jonathan S Smith            jonathan@advantagelegalgroup.com

TRUSTEE
Jason Wilson-Aguilar       courtmail@seattlech13.com

US TRUSTEE
US Trustee               USTPRegion18.SE.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>/s/ Brandy Carroll</u>
Brandy Carroll

On August 24, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtors<br>Bradley Evan Drummond<br>23622 SE 267th PL<br>Maple Valley, WA 98038<br><br>Angela Marie Drummond<br>23622 SE 267th PL<br>Maple Valley, WA 98038 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>/s/ Brandy Carroll</u>
Brandy Carroll